

**United States District Court**
**Northern District of Alabama**
**Southern Division**

| | |
|---|---|
| **Agustin Retana,** ] | |
| Plaintiff(s), ] | |
| vs. ] | CV-02-N-1008-S |
| **Olvia Lalavita Bogan, et al.,** ] | |
| Defendant(s). ] | |

**Memorandum of Opinion**

**ENTERED**
**FEB 18 2003**

I. **Introduction.**

Before the court is a motion to dismiss, filed by defendants Schneider National Leasing, Inc. ("Leasing"); Schneider National Carriers, Inc. ("Carriers"); Schneider National Carriers; Schneider Trucking, Inc.; and Schneider National Bulk Carriers, Inc. ("Bulk Carriers") (collectively, "the Schneider defendants")[1] on June 4, 2002.[2] [Doc. #12.] Because the parties have submitted evidence outside the pleadings that the court has considered in reaching its decision on the motion, the court will treat the motion as a motion for summary judgment. *See* Fed. R. Civ. P. 12(b). The parties have briefed the issues raised in the motion,[3] and it is now ripe for decision. Upon due consideration, the court finds that the motion is due to be granted in part and denied in part for the reasons that follow.

---

[1] The court notes that defendants Schnider National Carriers and Schnider Trucking, Inc. have not filed a motion to dismiss. As will be explained *infra*, the court is fairly certain that these parties have not so moved because they are actually non-existent, and the plaintiff no longer appears to be pursuing his claims against them. Therefore, the court treats these parties as if they had moved for summary judgment.

[2] Defendant INS Insurance, Inc. ("INS") also moved for dismissal on June 4, 2002. The court denied that motion by order dated July 25, 2002. [Doc. #28.] INS reasserted its motion to dismiss on December 19, 2002. [Doc. # 43.] The court entered a briefing schedule for INS's motion to dismiss [Doc. #44], and it intends to dispose of that motion by separate memorandum of opinion and order.

[3] The plaintiff filed his supplemental response out of time and without leave of the court. The defendants moved to strike the plaintiff's untimely response, or in the alternative, for leave to file a reply out of time. The court would rather reach the substantive issues raised by the defendants' motion than dispose of the motion on procedural grounds. Therefore, the defendants' motion to strike will be denied, and their motion to file a reply out of time will be granted. The court should not be seen as condoning conduct of any lawyer that contravenes clear instructions of the court–the decision to proceed in this manner is purely a practical one.



## II. Facts.[4]

Plaintiff Agustin Retana ("Mr. Retana") was driving his truck on Interstate 59 in Collinsville, Alabama, on December 17, 1999, when a commercial tractor-trailer owned by Leasing, leased by Carriers, and operated by defendant Olvia Lalavita Bogan ("Mr. Bogan"), an employee of Carriers, ran into him from behind.[5] The effect of the collision caused Mr. Retana's truck to leave the road, flip three times, and come to rest in a ditch. Mr. Retana sustained injuries, as a result of which he was treated at a local hospital and released. He returned to New Jersey, where he continued to be treated for both physical and psychological injuries. Mr. Retana retained an attorney who contacted Schneider National, Inc. ("National"), the party the attorney thought was responsible for the accident as the owner of the vehicle and employer of Mr. Bogan. In response, the attorney was contacted by defendant INS, National's insurance carrier. Three days before the two-year statute of limitations expired, on December 14, 2001, and after being unable to settle his claim, Mr. Retana filed suit against Mr. Bogan, National, John Doe, described as "a fictitious defendant," and ABC Company, described as "a fictitious company," in the United States District Court for the District of New Jersey. In his complaint, he sought to invoke the diversity jurisdiction of the federal court, alleging common law negligence on the part of the defendants.

On March 8, 2002, the district court in New Jersey transferred the case to the Middle District of Alabama pursuant to 28 U.S.C. § 1404(a). The Middle District, after transfer, ordered Mr. Retana to amend his complaint because he had not adequately alleged the

---

[4] The facts set out below are gleaned from the parties' submissions of facts claimed to be undisputed, their respective responses to those submissions, and the court's own examination of the evidentiary record. All reasonable doubts about the facts have been resolved in favor of the nonmoving party. *See Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002). These are the "facts" for summary judgment purposes only. They may not be the actual facts. *See Cox v. Adm'r U.S. Steel & Carnegie Pension Fund*, 17 F.3d 1386, 1400 (11th Cir. 1994).

[5] The facts with respect to the ownership and control of the tractor-trailer, as well as the employment status of Mr. Bogan, did not come to light until sometime after the original complaint was filed.

citizenship of the parties so as to invoke the court's diversity jurisdiction. On April 16, 2002, Mr. Retana amended his complaint and, in so doing, added the following defendants: (1) Schnider National Inc., (2) Leasing, (3) Carriers, (4) Schneider National Carriers, (5) Schnider National Carriers, (6) Schnider Trucking, Inc., (7) Bulk Carriers (8) Schneider Trucking, Inc., and (9) INS. Mr. Retana added a claim for negligent supervision against the Schneider defendants and a claim for bad faith adjustment against INS.

On April 19, 2002, the court in the Middle District transferred the action to this court, again pursuant to 28 U.S.C. § 1404(a). On June 4, 2002, the Schneider defendants moved to dismiss the case against them because they were added after the limitations period had expired. [Doc. # 12.] On July 25, 2002, the court ordered the parties to engage in a period of special discovery regarding the issues raised by the Schneider defendants' statute of limitations defense. [Doc. # 28.] The period of special discovery has ended, and the issues raised in the June 4, 2002, motion to dismiss are now ripe for decision.

## III.     Standard.

Although the Schneider defendants' motion is styled a "motion to dismiss," because the parties have submitted evidence outside the pleadings, the court will treat the motion as a motion for summary judgment. See Fed. R. Civ. P. 12(b); *Trustmark Ins. Co. v. ESLU Inc.*, 299 F.3d 1265, 1267 (11th Cir. 2002).[6] Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the evidence] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477

---

[6] The court notified the parties that it would treat the motion to dismiss as a motion for summary judgment in its July 25, 2002, order. [Doc. #28, at 6-7.]

U.S. 317, 323 (1986). The movant can meet this burden by presenting evidence showing that there is no genuine dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23. In evaluating the arguments of the movant, the court must view the evidence in the light most favorable to the nonmoving party. *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996).

Once the moving party has met his burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). "A factual dispute is genuine only if a 'reasonable jury could return a verdict for the nonmoving party.'" *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002) (quoting *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991)).

**IV.   Discussion.**

The Schneider defendants argue that they were not added until after the statute of limitations expired and are therefore due to be dismissed from this action. In response, Mr. Retana argues that Rule 15(c)(3) of the Federal Rules of Civil Procedure allowed him to add the Schneider defendants in spite of the statute of limitations. Rule 15(c)(3) provides in relevant part:

> An amendment of a pleading relates back to the date of the original pleading when ... the amendment changes the party or the naming of the party against whom a claim is asserted if [the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading,] and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed. R. Civ. P. 15(c)(3). Courts have distilled the contents of Rule 15(c)(3) into four necessary elements: (1) that the amended complaint arises out of the conduct, transaction, or occurrence set forth in the original pleading; (2) that the proper party received notice of the original complaint within 120 days of its filing; (3) that the proper party is not prejudiced in maintaining a defense on the merits by the delay; and (4) that the proper party either knew or should have known that, but for the plaintiff's mistake in identifying the proper party, it would have been named in the original complaint. *Bowden v. Wal-Mart*, 124 F. Supp. 2d 1228, 1241 (M.D. Ala. 2000). The court will address the motion for summary judgment with respect to groups of the Schneider defendants separately.

### A. Schneider Trucking, Inc., Schnider National Carriers, and Schnider Trucking, Inc.

It appears to the court that the plaintiff has abandoned his claims against Schneider Trucking, Inc., Schnider National Carriers, and Schnider Trucking, Inc. The parties did not brief the application of Rule 15(c)(3) as to these defendants; indeed, the court has concluded from the submissions of the parties that at least two of these three entities, Schnider National Carriers and Schnider Trucking, Inc., do not even exist. Therefore, summary judgment as to the claims against Schneider Trucking, Inc., Schnider National Carriers, and Schnider Trucking, Inc., is due to be granted.

### B. Schneider National Leasing, Inc.

One of the elements Mr. Retana must establish for his claims against Leasing to relate back to the date the original complaint was filed is that Leasing had notice of the original complaint within 120 days of its filing. *See Andrews v. Lakeshore Rehabilitation Hosp.*, 140 F.3d 1405, 1408 n.3 (11th Cir. 1998). The notice requirement is met if the defendant actually named in the original complaint (National) and Leasing share some "identity of interest." To prove an identity of interest, Mr. Retana must show that the parties are sufficiently interrelated such that notice of an action to one would serve as notice to the other. *See, e.g., Kirk v. Cronvick*, 629 F.2d 404, 407-08 (5th Cir. 1980); *Bowden*, 124 F. Supp.

2d at 1241-42; 6A Wright, Miller & Kane, Federal Practice & Procedure: Civil 2d § 1499 (1990).

The plaintiff has presented no evidence to indicate that Leasing is so related to National as to render notice of the lawsuit to National notice to Leasing. Although it is clear that Leasing owned the tractor-trailer involved in the accident, which it had leased to Carriers, this fact indicates only that Leasing had notice of the accident. Notice of the accident alone, without proof of the relatedness of Leasing and National, does not establish that within the time for service of the summons and complaint, Leasing received notice of the institution of the instant action. Because the plaintiff has not established that Leasing received the notice required by Rule 15(c)(3), the amendment adding it as a party does not relate back to the date the original complaint was filed, making the claims against Leasing time-barred. Summary judgment as to these claims will therefore be granted.

C. **Schneider National Bulk Carriers, Inc.**

Although upon review of the evidence, the court is persuaded that the identity of interests test is met as to defendant Bulk Carriers, the court is of the opinion that the motion for summary judgment with respect to Bulk Carriers is nonetheless due to be granted. While the plaintiff establishes that Bulk Carriers is a subsidiary and/or an affiliate of National, he provides no proof of Bulk Carriers' purported involvement in the accident giving rise to the claims involved in this lawsuit. In order for relation back to be proper under Rule 15(c)(3), Bulk Carriers must have had actual or constructive knowledge that "but for a mistake concerning the identity of the *proper party*, the action would have been brought against" it. Fed. R. Civ. P. 15(c)(3) (emphasis added). Because there is no evidence that Bulk Carriers owned any part of the tractor-trailer involved in the accident or otherwise had any control over the tractor-trailer or its driver, the court cannot conclude that the action would have been brought against Bulk Carriers if the plaintiff had known the identity of the proper party. In the absence of any evidence to suggest that Bulk Carriers was a proper defendant

that should have been named in the original complaint, Rule 15(c)(3) does not provide for relation back of the amendment adding it as a defendant. Therefore, the claims against Bulk Carriers are time barred, and the motion for summary judgment is due to be granted as to those claims.

### D. Schneider National Carriers, Inc.

As discussed above, there are four elements the plaintiff must establish in order for relation back of the amendment adding Carriers to be warranted under Rule 15(c)(3). First, Mr. Retana must establish that the claims against Carriers arise out of the conduct, transaction or occurrence set forth in the original pleading. See Fed. R. Civ. P. 15(c)(2), 15(c)(3). There is no dispute that this element is met; the claims in the original complaint, as well as the claims asserted against Carriers in the amended complaint, arose out of the car accident that occurred on December 17, 1999.

Second, Mr. Retana must establish that Carriers received notice of the original complaint within 120 days of its filing. See Fed. R. Civ. P. 15(c)(3)(A), 4(m). This requirement is met if the parties share an "identity of interest" such that notice of the action to National would serve as notice to Carriers. See *Kirk*, 629 F.2d at 407-08; *Bowden*, 124 F. Supp. 2d at 1241-42. There is ample evidence in the record before the court to establish the necessary identity of interest between National and Carriers. National's website,[7] in a section detailing the history of the corporation, notes that in 1976, "the holding company," National, was formed. Schneider National, Inc., History, *at* http://www.schneider.com/aboutSchneider/history.html. A holding company is "a company that usually confines its activities to owning stock in, *and supervising management of*, other

---

[7] The defendants object to the inclusion of excerpts from National's website in the plaintiff's evidentiary submission on the grounds that the excerpts are unauthenticated, irrelevant, and constitute inadmissible hearsay. After careful review of the excerpts, the court is of the opinion that the excerpts provided by the plaintiff are what the plaintiff claims them to be – excerpts from National's website. Therefore, they are sufficiently authenticated so as to be admissible. Furthermore, the excerpts are certainly relevant to the issue of the interrelatedness of the Schneider defendants. Finally, although they may fit within the definition of hearsay contained in Rule 801(c), the court is of the opinion that the excerpts are excluded from the definition of hearsay as admissions by a party-opponent under Rule 801(d)(2). Therefore, the defendants' objections to the excerpts will be overruled.

companies." Black's Law Dictionary 504 (6th ed. abridged 1991) (emphasis added). Thus, it is reasonable to conclude that National exercises control over the subsidiary branches of the Schneider enterprise. Furthermore, the website goes on to note that Carriers was formed in 1985 by joining all of the businesses purchased by National during the 1970s and 1980s. Schneider National, Inc., History, *at* http://www.schneider.com/aboutSchneider/history.html. This information further supports the contention that National exercises control over Carriers' operations. National's website also notes that National has four "divisions," one of which is Carriers. Schneider National, Inc., Business Units, *at* http://www.schneider.com/aboutSchneider/businessUnits.html.

Further evidence of the relatedness of the two entities comes from an internal Violation and Review Record form regarding the accident at issue in this lawsuit. [Doc. #42, Ex. C.] Although Carriers was the employer of the driver of the tractor-trailer that ran into Mr. Retana's vehicle, the Violation and Review Record was completed by an agent of "Schneider National, Inc., and/or its affiliates." Thus, Carriers' denial of its affiliation with National is untenable. Additionally, the plaintiff's interactions with Carriers' insurer before the filing of the original complaint indicate that Carriers and National are interrelated. In answers to interrogatories, the Schneider defendants stated that INS conducted an investigation of the accident on behalf of its insured, Carriers. [Doc. #42, Ex. D, ¶ 7.] However, in her pre-litigation dealings with INS, counsel for the plaintiff was repeatedly told that INS's insured was National. [Doc. #17, Ex. E.] Thus, based on all the foregoing, the court concludes that Carriers is sufficiently related to National to render notice of institution of the action to National notice to Carriers.

Additionally, there is evidence from which the court could conclude that Carriers had actual notice of the instigation of the litigation within 120 days of the filing of the complaint. The Schneider defendants, in response to an interrogatory inquiring the date on which each Schneider defendant was given notice of the pendency of the litigation, responded "[w]e

were first made aware of the litigation when suit was filed in New Jersey." [Doc. #42, Ex. D, ¶ 12.] The defendants did not attempt to differentiate between the various Schneider entities. Thus, by its own admission, Carriers had actual notice of the litigation "when suit was filed in New Jersey" – on December 14, 2001.

Mr. Retana must also establish that Carriers will not be prejudiced in maintaining a defense on the merits by the delay in adding it as a party. *See* Fed. R. Civ. P. 15(c)(3)(A). Carriers does not argue that it will be prejudiced in maintaining a defense on the merits by the delay. Indeed, the fact that the same lawyers represent both Carriers and National militates against a finding of prejudice. *See Bowden*, 124 F. Supp. 2d at 1242.

Finally, Mr. Retana must show that Carriers knew or should have known that, but for Mr. Retana's mistake in identity, it would have been named as a defendant in the original complaint. *See* Fed. R. Civ. P. 15(c)(3)(B). This last requirement really has two elements: that Mr. Retana failed to join Carriers based on a mistake in identity, and that Carriers knew or should have known that it would have been named as a party but for this mistake. As to the mistake requirement, the Eleventh Circuit has held that the plaintiff must have either misnamed or misidentified the appropriate defendant; mere lack of knowledge of the identity of a defendant will not satisfy the mistake requirement. *Wayne v. Jarvis*, 197 F.3d 1098, 1103 (11th Cir. 1999). The court is of the opinion that Mr. Retana has established that his failure to join Carriers was based on a mistake in the identity of the correct defendant, rather than a lack of knowledge of an appropriate defendant's identity. Mr. Retana had no reason to suspect, after dealing with INS for several months under the assumption that INS's insured was National, that the correct defendant was anyone other than National. Although the defendants argue that the police report completed on the date of the accident, which lists Schnider National Carriers Inc. as the name of the motor carrier, should have put the plaintiff on notice that Carriers was the proper defendant, the inclusion of Schnider National Carriers Inc., which is spelled differently than Carriers' full name, on a police report that

also erroneously listed Schnider Trucking as the place of the driver's employment and Schnider National Carriers as the owner of the vehicle, could not have put the plaintiff on notice that Carriers was the proper defendant. This is especially true where subsequent dealings with INS cemented Mr. Retana's belief that National was the proper defendant. Thus, the court is of the opinion that the mistake element is met.

Finally, Mr. Retana has established to the court's satisfaction that Carriers knew or should have known that but for Mr. Retana's mistake, it would have been named as a defendant. The test with respect to this element is "something akin to a reasonableness test to determine whether the party 'should have known' it was the one intended to be sued." *Bowden*, 124 F. Supp. 2d at 1242 (quoting 6A Wright, Miller & Kane, Federal Practice & Procedure: Civil 2d § 1498 (1990)). The Schneider defendants admitted in an interrogatory that INS conducted an investigation of the claim on behalf of Carriers, its insured. Because Carriers had either actual or constructive notice of the instigation of the litigation, and because its insurer investigated on its behalf a claim by Mr. Retana arising out of the accident in question, it is reasonable to assume that Carriers should have known it was the one intended to be sued. Therefore, all the elements necessary for relation back under Rule 15(c)(3) have been met with respect to defendant Carriers, and summary judgment as to the plaintiff's claims against it will therefore be denied.

## V. Conclusion.

In sum, the motion to dismiss will be treated as a motion for summary judgment. As such, it will be granted as to all claims asserted against Schneider Trucking, Inc.; Schnider National Carriers; Schnider Trucking, Inc.; Schneider National Leasing, Inc.; and Schneider National Bulk Carriers, Inc., and those claims will be dismissed with prejudice. The motion will be denied as to all claims against Schneider National Carriers, Inc. The court will enter an appropriate order in conformity with this memorandum of opinion.

Done, this 18th of February, 2003.

*(signature)*
Edwin Nelson
United States District Judge