FILED

03 JUN -4 PM 1: 34

U.S. DISTRICT COURT
N.D. OF ALABAMA

**United States District Court**
**Northern District of Alabama**
**Southern Division**

| | |
|---|---|
| **Agustin Retana,** | ] |
| Plaintiff(s), | ] |
| vs. | ]   CV-02-CO-1008-S |
| **Olvia Lalavita Bogan,** | ] |
| Defendant(s). | ] |

ENTERED
JUN 0 4 2003

**Memorandum of Opinion**

## I. Introduction.

Presently before the court is a reasserted motion to dismiss for failure to state a claim upon which relief may be granted, filed by defendant INS Insurance, Inc. ("INS") on December 19, 2002.[1] [Doc. # 43.] The issues raised therein have been fully briefed by both parties and are now ripe for decision. Upon due consideration, the court is of the opinion that the motion is due to be granted.

## II. Facts.

Plaintiff Agustin Retana ("Mr. Retana") was driving his truck on Interstate 59 in Collinsville, Alabama, on December 17, 1999, when a commercial tractor-trailer operated by defendant Olvia Lalavita Bogan ("Mr. Bogan") ran into him from behind. The effect of the collision caused Mr. Retana's truck to leave the road, flip three times, and come to rest in a ditch. Mr. Retana sustained injuries, as a result of which he was treated at a local hospital

---

[1] The court denied INS's original motion to dismiss on July 25, 2002, without prejudice to the right of the defendant to present a well-supported motion to dismiss at a later time. [Doc. # 28.]



and released. He returned to New Jersey, where he continued to be treated for both physical and psychological injuries. Mr. Retana retained an attorney who contacted Schneider National, Inc. ("Schnieder"), the party the attorney thought was responsible for the accident as the owner of the vehicle and employer of Mr. Bogan. In response, the attorney was contacted by defendant INS, Schneider's insurance carrier. Three days before the two-year statute of limitations expired, on December 14, 2001, after being unable to settle his claim, Mr. Retana filed suit in the federal district court for the District of New Jersey against Mr. Bogan, Schneider, and two fictitious defendants. In his complaint, he sought to invoke the diversity jurisdiction of the federal court, alleging common law negligence on the part of the defendants.

On March 8, 2002, the district court in New Jersey transferred the case to the Middle District of Alabama. Although the court's order stated that the case was being transferred pursuant to 28 U.S.C. § 1404(a), the court indicated that "[t]he incident that forms the basis of this suit has no connection to New Jersey," and further that "venue does not lie in this District." *Retana v. Bogan*, Civil No. 01-5832, slip op. at 5, 4 (D.N.J. Mar. 8, 2002). The Middle District of Alabama, after transfer, ordered Mr. Retana to amend his complaint because he had not adequately alleged the citizenship of the parties so as to invoke the court's diversity jurisdiction. On April 16, 2002, Mr. Retana amended his complaint and, in so doing, added a number of additional defendants, including INS. Mr. Retana added a claim for bad faith adjustment against INS.

On April 19, 2002, the court in the Middle District transferred the action to this court pursuant to 28 U.S.C. § 1404(a). On June 4, several of the defendants, including INS, moved

to dismiss the case against them. [Doc. # 12.] The basis of INS's argument was that Alabama common law does not allow for an action for bad faith adjustment. By order entered on July 25, 2002, the court denied INS's motion to dismiss, indicating that it would entertain a well-supported motion to dismiss at a later date. [Doc. # 28.] On December 19, 2002, INS reasserted its motion to dismiss, arguing that Mr. Retana has failed to state a claim upon which relief may be granted under Alabama law, which it argues should apply to the claim against it. [Doc. # 43.]

### III. Standard.

A motion to dismiss for failure to state a claim tests the sufficiency of the complaint, and should be granted only where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint." *Rendon v. Valleycrest Productions, Ltd.*, 294 F.3d 1279, 1282 (11th Cir. 2002) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). In ruling on a motion to dismiss, the court must construe all allegations in the complaint as true and in the light most favorable to the plaintiff. *Id.* at 1281.

### IV. Discussion.

INS argues that the court is bound to apply Alabama choice of law rules to determine what state's substantive law to apply to Mr. Retana's claim against it because, although incorrectly labeled, the transfer from the District of New Jersey to the Middle District of Alabama was one in which the transferor court was an improper venue. Under such circumstances, INS argues, the choice of law rules that would be applied by the transferee court, rather than those the transferor court would apply, must be utilized. *Compare Am.*

*Family Life Assurance Co. v. U.S. Fire Co.*, 885 F.2d 826 (11th Cir. 1989) (holding transferor forum's choice of law rules apply if transfer is effectuated under 28 U.S.C. § 1404), *with Manley v. Engram*, 755 F.2d 1463 (11th Cir. 1985) (holding transferee forum's choice of law rules apply if transfer is effectuated under 28 U.S.C. § 1406). However, because it finds that the complaint fails to state a cause of action against INS under the applicable substantive law of all states whose law might apply to the claim against INS, regardless of which state's choice of law rules are employed, the court need not, and therefore will not, resolve any of the complicated choice of law questions implicated by INS's argument.

      The court has determined, based on the filings of the parties, that there are three forums whose law might apply to Mr. Retana's claim against INS: Alabama, as the state in which the underlying automobile accident occurred; New Jersey, as the state in which the plaintiff resides and the state in which the transferor court is located; and Vermont, as the state in which INS is incorporated and has its principal place of business, and the state in which INS and Schneider entered into the insurance contract at issue. The parties seem to agree that Alabama, under most circumstances, does not allow a direct action by an injured third party against the tortfeasor's insurance company. *See Howton v. State Farm Mut. Auto. Ins. Co.*, 507 So. 2d 448 (Ala. 1987). Likewise, while Mr. Retana has argued that New Jersey law should apply to this claim, he has not cited, nor has the court discovered, any cases that establish that a claim like the one he asserts against INS is viable under New Jersey law. Indeed, under New Jersey law, "plaintiffs in tort actions may not directly sue insurers." *Cruz-Mendez v. ISU/Ins. Servs. of San Fransisco*, 722 A.2d 515, 566-67 (N.J. 1999). *See also Manukas v. The Am. Ins. Co.*, 237 A.2d 898 (N.J. Super. Ct. App. Div. 1968).

Similarly, it is clear that Vermont common law does not recognize a direct action by an injured plaintiff against the insurer of the underlying tortfeasor in the absence of proof that the insured is insolvent or in bankruptcy. *See T. Copeland & Sons, Inc. v. Kansa Gen. Ins. Co.*, 762 A.2d 471 (Vt. 2000); *Larocque v. State Farm Ins. Co.*, 660 A.2d 286 (Vt. 1995). Because the plaintiff does not have a viable claim under the substantive law of any of the three potentially applicable forums, the plaintiff's claim against INS must be dismissed for failure to state a claim upon which relief may be granted.

**V. Conclusion.**

The court will enter an appropriate order in conformity with this memorandum of opinion.

Done, this 3rd of June, 2003.

L. Scott Coogler
United States District Judge